UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THOMAS CASSIDY
                  Plaintiff,
  -against-

THE CITY OF NEW YORK, AND
"JANE AND JOHN DOE"
UNKNOWN NYPD OFFICERS
                Defendants.

Index No.

**COMPLAINT**

JURY TRIAL
DEMANDED

---

### INTRODUCTION STATEMENT

1. This is a civil action seeking to redress violations of plaintiff's rights under the Constitution and laws of the United States for defendants' conduct in subjecting him to malicious prosecution.

### JURISDICTION

2. This action is brought pursuant to 42 U.S.C.A. sections 1983 and 1988 and the Equal Protection clause to the United States Constitution.

3. This Court has jurisdiction pursuant to 28 U.S.C.A. Sections 1331 and 1343, since this claim arises under the Constitution and laws of the United States and since defendants acted under color of state law.

### VENUE

4. Venue lies in this District pursuant to 28 U.S.C.A. section 1391(b) (2) since the events giving rise to the claim occurred in the Southern District of New York.

### PARTIES

5. Plaintiff Thomas Cassidy is a resident of Bronx, New York. At the time of the event, he resided in the city of Bronx in Bronx County in the State of New York.

6. Defendants "Jane and John Doe" unknown New York Police Department officers, at all times relevant to this action, were officers of the City of New York Police Department, and acted under color of state law. Said officers are being sued in both their individual and official capacities.

7. The Defendant, The City of New York is a municipality in the State of New York, and employs the Defendant Police Officers, and the actions and / or conduct of the officers complained of herein were done as part of the custom, practice, usage, regulation and / or direction of the City of New York.

## FACTUAL ALLEGATIONS

8. On or about October 24th, 2023, plaintiff was at a car repair shop on 3rd Avenue and 165th Street in the Bronx, when some persons unknown to him jumped him, and assaulted him.

9. The assailants gave plaintiff a black eye, ghasted his arm, and dislocated his fingers.

10. Luckily for the plaintiff, he was able to escape from the assailants as he had tried to defend himself.

11. On October 31, 2023, the plaintiff was arrested by the New York Police Department pursuant to an I-card.

12. Plaintiff was subsequently charged with the crimes of Assault with the intent to cause serious injury with a weapon, Attempted assault with the intent to cause serious injury with a weapon, Assault with the intent to cause physical injury, Stalking in the third degree, Criminal Possession of a weapon in the fourth degree, Assault in the third degree with intent to cause physical injury, and Harassment in the second degree.

13. On June 4, 2024, all of the charges against the plaintiff were dismissed, after the plaintiff had appeared in court on four different occasions.

14. On August 15, 2024, plaintiff filed a Notice of Claim with The City of New York.

15. As a proximate result of the defendants' conduct, plaintiff was held for over 24 hours before he was arraigned, plaintiff lost his job as a care giver for about a year, got evicted from his apartment, and suffered emotional distress.

16. As a proximate result of the defendants' conduct, plaintiff had to attend court on about 1 different times.

17. The actions of the defendants, acting under color of State law, deprived plaintiff of his rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be free from malicious prosecution.

## AS AND FOR A FIRST CAUSE OF ACTION

18. Plaintiff repeats and realleges the allegations contained in paragraphs "1" through "17" as if more fully set forth herein.

19. Defendants The City of New York through their agents, and defendants "Jane and John Doe" unknown NYPD officers violated plaintiff's rights under 42 U.S.C.A. Section 1983 by maliciously prosecuting him.

WHEREFORE, Plaintiff demands judgment against defendants, jointly and severally:

    a. Awarding plaintiff compensatory damages in an amount to be determined by the jury;

    b. Awarding plaintiff punitive damages in an amount to be determined by the jury;

    c. Awarding plaintiff reasonable attorneys' fees, costs and disbursements pursuant to 42 U.S.C.A. section 1988; and

    d. Such other and further relief as may be just and proper.

Dated: Brooklyn, New York
February 26, 2026

Respectfully submitted,

_____
Da'Tekena Barango-Tariah, Esq. (DB5592)
25 Bond Street, 2nd Floor
Brooklyn, New York 11201.
(718) 625 4200

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

======================================================

**THOMAS CASSIDY,**                         **Case NO.:**

                            **Plaintiff,**

    -against-

**THE CITY OF NEW YORK, ET AL.,**

                           **Defendants.**

======================================================

**Da'Tekena Barango-Tariah, Esq.**
**Attorney for Plaintiff**
**25 Bond Street, 2nd Floor**
**Brooklyn, New York 11201**
**718 625 4200**

======================================================

Take Notice that the attached is a true copy of a Judgment duly entered in the office of the clerk of the within named court on _____

STATE OF NEW YORK, COUNTY OF KINGS ss:

I, _____, say, under penalty of perjury, I am not a party to the action, that I reside at Brooklyn, New York, and I am over the age of 18 years of age and on _____, I served a copy of the attached _____ by mailing the same in a sealed envelope, with postage prepaid therein, in a post-office of official depository of the defendants' attorneys at: