UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

THOMAS CASSIDY,

                Plaintiff,

        -against-                         26-cv-1698 (LAK)

CITY OF NEW YORK, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: __3/3/2026__ |

**MEMORANDUM AND ORDER
DISMISSING COMPLAINT**

LEWIS A. KAPLAN, *District Judge.*

        This purports to be a Section 1983 action against the City of New York and two police officers referred to as "Doe" defendants.  The complaint, unfortunately, obviously states no legally sufficient claim against the City or either individual defendant.

        So far as the Doe defendants are concerned, the complaint alleges that plaintiff was arrested by New York City police officers and that the charges eventually were dismissed.  It does not, however, allege that either of the Doe defendants had anything to do with plaintiff's arrest, detention, and prosecution.  Nor does it even allege that *any* New York City police officer acted wrongfully in any respect.

        The complaint is deficient also as far as the City is concerned.  It is well established that:

        "When a plaintiff sues a municipality, like the City of New York, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing.  The plaintiff must show that the municipal entity itself caused the violation of the plaintiff's rights.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dept of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011).  In other words, to state a claim under Section 1983 against a municipality, the plaintiff must allege facts showing: (1) the

2

existence of a municipal or other local government entity policy, custom, or practice, and; (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *see Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown*, 520 U.S. 397, 403 (1997)."[1]

Accordingly, even an assertion that New York City police officers violated plaintiff's constitutional rights – and the complaint contains none – would not suffice to state a legally sufficient claim under Section 1983 against the City.

The complaint therefore is dismissed. The dismissal is without prejudice to the filing, no later than March 23, 2026, of an amended complaint. In formulating any amended complaint, counsel should comply with his obligations under Federal Rule of Civil Procedure 11(b) and Rule 1.1 of the New York Rules of Professional Conduct.[2]

SO ORDERED.

Dated:        March 3, 2026

_____
Lewis A. Kaplan
United States District Judge

---

[1] *Sexton v. Dep't of Homeless Servs.*, No. 24-cv-8895 (DEH), 2025 WL 1334605, at *4 (S.D.N.Y. May 7, 2025).

[2] 22 N.Y.C.R.R. Part 1200 (2025).